UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

STEVEN BENKO,

      Movant,

v.                                    Case No. 5:15-cv-14802
                                    Case No. 5:14-cr-00144

UNITED STATES OF AMERICA,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 37). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

On September 10, 2014, Movant, Steven Benko (hereinafter "Defendant") entered a guilty plea, pursuant to a written plea agreement, to one count of distribution of a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1), as stated in Count One of an indictment returned on July 1, 2014. (ECF Nos. 1, 24-25). On January 14, 2015, Defendant was sentenced to 84 months in prison, followed by a three-year term of supervised release. (ECF No. 32 at 2). Defendant's sentencing guideline calculation included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("USSG") for being a career offender, because he had at least two prior felony controlled

substance offenses. The career offender enhancement increased Defendant's guideline level to a 32 (before a three-level reduction for acceptance of responsibility), and his criminal history category to a VI, which raised his guideline range to 151-188 months of imprisonment.[1] However, the presiding District Judge ultimately varied downward from the guideline range and sentenced Defendant to 84 months of imprisonment.

Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit. However, on November 6, 2015, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 37). The section 2255 motion essentially contains three grounds for relief, all of which arise out of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[2] Specifically, Defendant asserts:

1. The district court committed reversible legal sentencing error by improperly using a prior conviction of Benko as [an] Aggravated Assault which has a statute, i.e., alternative ways of committing the offense, making it divisible, the district court unlawfully resorted to the "Modified Categorical Approach" of the residual clause found in

---

[1] Without the career offender enhancement, Defendant's proposed guideline range would have been 24-30 months of imprisonment.

[2] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

2

        subsection (ii), 18 U.S.C. § 924(e)(2)(B) and concluded that Benko's Assault is aggravated and qualified as a predicate "Violent" felony under the Career Criminal Offender enhancement of the U.S.S.G. [manual] § 4B1.1, the "Residual Clause" of the . . . . Career Criminal Act as unconstitutionally vague, See Johnson, ___ 576 U.S. ___ LEXIS 4251 (2015).  The definition of "Violent Felony" under ACCA is virtually identical to the definition of "Crime of Violence" for the Career Offender Enhancements of the USSG [Manual] § 4B1.1, as that decisions about one apply to another, see Brand v. USA, U.S. Dist. LEXIS 88718 (11th Cir. 2014).

2.     The district court & government committed reversible sentencing legal error by unlawfully categorizing Benko as a "Residual Clause Sentence" as the Court's sentencing of Benko using improper prior convictions of 2006 Florida State conviction for possession of Oxycodone and for a 2005 Florida State conviction for Assault which was improperly deemed aggravated, as it was used unconstitutionally against Benko, as a prior aggravated violent felony conviction Career Criminal Predicate against Benko, violates Due Process of the Fifth Amendment & Jury [Trial] Right of the Sixth Amendment, in light of Supreme Court's newly decided retroactive Johnson case.

3.     Violates the Sixth Amendment's Right to have effective assistance of counsel.  Benko's counsel intentionally failed to investigate Benko's case, to develop & object to the district court's unlawful residual clause sentence of Benko, which the district court committed reversible sentencing legal error by improperly sentencing Benko as a career offender using the residual clause which is now deemed unconstitutionally vague under Supreme Court's Johnson case, supra.

(ECF No. 37 at 1-2).

        On June 14, 2016, the United States of America filed a Response to the section 2255 motion.  (ECF No. 44).  On June 17, 2016, the United States filed a Supplemental Response.  (ECF No. 47).  On September 1, 2016, Defendant filed a Reply.  (ECF No. 53).[3]

---

[3] In light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), addressed *infra*, the undersigned finds it unnecessary to specifically address much of the arguments contained in the Response and Reply, which pre-dated the Supreme Court decision.

## ANALYSIS

The court can quickly dispose of Defendant's claims that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

In light of *Beckles*, any argument that the holding in *Johnson* also invalidates the residual clause of the career offender guideline is without merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause). Furthermore, *Johnson* has no applicability to Defendant's prior controlled substance offense. Because *Johnson* is not applicable to Defendant's case, he has not demonstrated that the application of the career offender enhancement to his sentence resulted in a denial of due process or his right to a fair trial. Thus, he is not

4

entitled to any relief under section 2255 on Grounds One and Two of his section 2255 motion.

Moreover, the failure of Defendant's counsel to object to the alleged use of the career offender guideline's residual clause to determine that Defendant's prior assault conviction was a crime of violence did not fall below an objective standard of reasonableness; nor can Defendant show that he suffered any prejudice from that failure. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Accordingly, Defendant is not entitled to any relief on his ineffective assistance of counsel asserted in Ground Three of his section 2255 motion.

## **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 37) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to

which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 6, 2018

Dwane L. Tinsley
United States Magistrate Judge